GISKAN SOLOTAROFF & ANDERSON LLP
217 Centre Street, 6th Floor
New York, New York 10013
(646) 964-9609
Jason L. Solotaroff
Amy E. Robinson
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

ALIX PUSTILNIK,

                Plaintiff,                    **COMPLAINT**

       -against-                      Dkt. No.:

BATTERY PARK CITY AUTHORITY,

                Defendant.

-----------------------------------------------------------------------X

       Plaintiff Alix Pustilnik, by her attorneys Giskan Solotaroff & Anderson LLP, for her complaint against Defendant Battery Park City Authority, alleges as follows:

**<u>Preliminary Statement</u>**

1.     This is an action for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), and disability discrimination in violation of the Americans with Disabilities Act ("ADA"). Ms. Pustilnik also brings claims for discrimination based on age, disability, and caretaker status in violation of the New York City Human Rights Law ("NYCHRL").

2.     Ms. Pustilnik, who is 51 years old, worked as the General Counsel for Defendant Battery Park City Authority ("BPCA") from May 2014 until February 21, 2018. She suffers from a disabling condition and, prior to her father's death in November of 2017, was the primary

caretaker for both of her elderly parents. Even though Ms. Pustilnik was an outstanding performer, her employment was terminated and she was replaced by a younger employee without a disability and without caretaker responsibilities. Moreover, BPCA's officials provided pretextual explanations for Ms. Pustilnik's termination.

## THE PARTIES

3.      Plaintiff Alix Pustilnik lives in New York, New York.

4.      Defendant Battery Park City Authority is a public benefit corporation established under the laws of New York with its principal place of business in New York, New York.

## VENUE AND JURISDICTION

5.      This Court has jurisdiction over Ms. Pustilnik's ADEA and ADA claims pursuant to 28 U.S.C. § 1343 and § 1331. Ms. Pustilnik filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on April 3, 2018. The EEOC issued a right to sue letter, attached hereto as Exhibit A, which Ms. Pustilnik received on August 30, 2018. This Court has jurisdiction over Ms. Pustilnik's claims under the NYCHRL pursuant to 28 U.S.C. § 1367.

6.      Venue is properly before this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to this action occurred in this District.

7.      This Court has personal jurisdiction over Defendant because it operates and employed Plaintiff within New York State.

## FACTS

8.      Ms. Pustilnik is a 51-year-old woman who is a graduate of Columbia University and Harvard Law School. Ms. Pustilnik has worked as an Assistant District Attorney in the Manhattan D.A.'s Office, as a Senior Staff Attorney at the New York City Commission to

Combat Police Corruption, as an associate at a prominent New York City law firm, Schulte Roth & Zabel LLP, and as a Deputy Legislative Director of the New York City Council.

9.     In May of 2014, Ms. Pustilnik was appointed General Counsel of the BPCA.

10.    During Ms. Pustilnik's tenure at the BPCA, she was widely recognized as a critical member of the senior staff and a valuable contributor to the work of the BPCA. Specifically, Ms. Pustilnik built a strong department able to offer expertise and support in the diverse matters faced by the BPCA and Battery Park City Parks Conservancy and provided strategic guidance to both the President and the Board. In recognition of Ms. Pustilnik's strong performance, she received raises that increased her starting salary by over 14% during her tenure.

11.    Just prior to Ms. Pustilnik's termination, she commenced several new initiatives such as a strategic plan for the legal department, a revision of the BPCA suite of form contracts, a revision of the employee handbook, and an analysis of BPCA's opportunities and obligations under the existing Master Lease with the City of New York.

12.    Ms. Pustilnik was also a popular senior leader of the BPCA and consistently took steps to improve employee morale, such as bringing back the annual holiday pot-luck party.

13.    In the fall of 2017, Ms. Pustilnik's father became seriously ill and eventually died. Ms. Pustilnik was significantly involved with her father's care and, as a result, was out of the office from time to time during his hospitalization (during which time she continued working off-site) and for the two weeks following his death. Ms. Pustilnik then had ongoing caretaker responsibilities for her 87-year-old mother.

14.    Additionally, Ms. Pustilnik has suffered from psoriatic arthritis since at least 2015 and depression since the late 1990s.  As a result of the debilitating nature of the arthritis, Ms. Pustilnik had to miss work periodically, including for medical tests and treatments. With respect

3

to Ms. Pustilnik's depression, it was significantly aggravated by the loss of her father and the difficulty in caring for her mother. The effects of this aggravated depression were especially evident to the BPCA senior leadership in the months just prior to her termination.

15.    On February 21, 2018, Ms. Pustilnik was called into a meeting with BPCA Chairman Dennis Mehiel and BPCA President B.J. Jones and informed that she was being dismissed. Mr. Mehiel informed Ms. Pustilnik that the dismissal had nothing to do with her work performance and that, in fact, he would be happy to provide a reference for her. Mr. Mehiel explained, however, that the BPCA's legal department was contracting and the highest paid person would have to be terminated.

16.    Mr. Mehiel's explanation for Ms. Pustilnik's termination was false, pre-textual and designed to conceal that she was actually terminated, at least in part, because of her age, disability and caretaker status.

17.    There had been no previous discussion of any issue with the staffing of the legal department or any need to reduce costs by eliminating a position. Moreover, if the objective was to do more with less, it would have made the most sense to retain Ms. Pustilnik, given that she had the broadest set of skills, experience, and institutional knowledge of any of the lawyers employed by the BPCA. If Ms. Pustilnik's salary was the issue, it would have made sense for the BPCA to ask her to accept a salary decrease.

18.    The new General Counsel, Ms. Abigail Goldenberg, is approximately seven years younger than Ms. Pustilnik and, to Ms. Pustilnik's knowledge, does not have any disabilities or caretaking responsibilities.

19.    As a result of the termination of Ms. Pustilnik's employment, she has suffered loss of wages and other benefits and emotional distress.

4

## FIRST CLAIM FOR RELIEF
(Age Discrimination in Violation of ADEA)

20.    Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

21.    Defendants discriminated against Plaintiff in the terms and conditions of her employment based on her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621.

## SECOND CLAIM FOR RELIEF
(Disability Discrimination in Violation of ADA)

22.    Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

23.    Defendant discriminated against Plaintiff in the terms and conditions of her employment based on her disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101.

## THIRD CLAIM FOR RELIEF
(Age Discrimination in Violation of NYCHRL)

24.    Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

25.    Defendant discriminated against Plaintiff in the terms and conditions of her employment based on her age in violation of the NYCHRL.

## FOURTH CLAIM FOR RELIEF
(Disability Discrimination in Violation of NYCHRL)

26.    Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

27.    Defendant discriminated against Plaintiff in the terms and conditions of her employment based on her age in violation of the NYCHRL.

**FIFTH CLAIM FOR RELIEF**
(Caregiver Discrimination in Violation of NYCHRL)

28.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

29.     Defendant discriminated against Plaintiff in the terms and conditions of her employment based on her caregiver status in violation of the NYCHRL.

WHEREFORE, Plaintiff demands judgment:

1.     Reinstating Plaintiff's employment and enjoining Defendant from harassing Plaintiff on the basis of her age, disability and caregiver status in the terms and conditions of her employment;

2.     Awarding Plaintiff back pay;

3.     Awarding Plaintiff compensatory damages, including but not limited to damages for emotional distress;

4.     Awarding Plaintiff punitive damages;

5.     Awarding reasonable attorneys' fees, costs, and expenses; and

Granting such other legal and equitable relief to the Plaintiff as the Court may deem just and equitable.

**<u>JURY DEMAND</u>**

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated:          New York, New York
                October 16, 2018

                                    GISKAN, SOLOTAROFF & ANDERSON LLP


                                    _____
                          By:       Jason L. Solotaroff
                                    Amy E. Robinson
                                    217 Centre Street
                                    New York, New York 10013
                                    646-964-9609
                                    jsolotaroff@gslawny.com
                                    arobinson@gslawny.com
                                    *ATTORNEYS FOR PLAINTIFF*

7

# EXHIBIT A

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Alix Pustilnik**<br>**424 West End Avenue**<br>**Apt. 14-A**<br>**New York, NY 10024** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2018-03075** | **Charles K. Diamond,**<br>**Investigator** | **(212) 336-3771** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*        8/27/2018

Enclosures(s)

**Kevin J. Berry,**
**District Director**

*(Date Mailed)*

cc:

| | |
|---|---|
| **Human Resources Director**<br>**BATTERY PARK CITY AUTHORITY**<br>**One World Financial Center**<br>**New York, NY 10281** | **Jason Solotaroff**<br>**GISKAN SOLOTAROFF & ANDERSON LLP**<br>**217 Centre Street, 6th Fl.**<br>**New York, NY 10013** |